UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KATE RESHNI | ) | |
| On behalf of herself and all others | ) | CASE NO. 1:20-CV-01075 |
| similarly situated, | ) | |
| | ) | MAGISTRATE JUDGE |
| Plaintiff, | ) | DAVID A. RUIZ |
| v. | ) | |
| | ) | |
| W. 6 RESTAURANT GROUP, LTD., | ) | **JOINT MOTION FOR APPROVAL** |
| et al., | ) | **OF SETTLEMENT** |
| | ) | |
| Defendants. | ) | |

Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), Plaintiff Kate Reshni and Defendants W. 6 Restaurant Group, Ltd., Robert George, Corey May, and Joe Oravec respectfully and jointly move the Court to approve the proposed settlement memorialized in the Agreement of Settlement and Release ("Settlement Agreement") marked as Exhibit 1.  The settlement resolves all claims of the Plaintiff and Opt-Ins under the FLSA, applicable state wage statutes, and the common law.

The parties submit that the settlement is fair, reasonable, and adequate and qualifies for approval under the FLSA, 29 U.S.C. § 216(b).  Agreement was finally reached after months of negotiation.  If approved by the Court, the settlement will provide settlement payments to the Plaintiff and Opt-Ins representing a substantial percentage of their claimed damages.

The following settlement documents are submitted for the Court's consideration and approval:

Exhibit 1:    Agreement of Settlement and Release

Exhibit 2:    Table of Individual Payments

Exhibit 3:    Proposed Final Order Approving Settlement

The sections below explain the litigation, the negotiations, the Settlement terms, the proposed payments and distributions, and the propriety of approval.

## I.    THE ACTION

### A.    The Claims and Issues

Plaintiff Reshni filed a Complaint against Defendants (ECF #1) on May 15, 2020. Plaintiff alleged that she and other and other cocktailers at Defendants' Barley House restaurant were denied minimum wages and tips.  Defendants denied those claims.  *See* Answer (ECF #9).

The parties agree that bona fide disputes exist under the FLSA and Ohio wage-and-hour laws regarding the Plaintiff's and Opt-Ins' claims.

### B.    Procedural History

On October 15, 2020, the parties filed a Report of the Parties' Planning Meeting (ECF #12) addressing discovery, a possible motion for conditional certification of this case as an FLSA collective action, and potential settlement.  The case was later reassigned to Magistrate Judge Ruiz.  On December 11, 2020, the parties filed a Joint Status Report and Proposed Case Management Dates (ECF #25) which were adopted by the Court (ECF #27).  On December 18, 2020, the Court granted Plaintiff's unopposed motion to drop two opt-in plaintiffs who had joined the case (ECF #26).

### C.    Analyses of Evidence and Settlement Negotiations

By agreement, the parties exchanged and analyzed evidentiary materials with a view to possible settlement.  The materials included documents and data quantifying the shifts and hours worked, and the amounts paid.  Analysis of the evidence enabled counsel to make detailed calculations estimating the Plaintiff's and Opt-Ins' claimed damages.

After months of difficult negotiations, the parties reached the settlement proposed herein.

### D.     The Proposed Settlement

If approved by the Court, the settlement will provide settlement payments to the Plaintiff and Opt-Ins representing a substantial percentage of their claimed damages.

The entire net proceeds of the settlement will be allocated among the Plaintiff and Opt-Ins in proportion to their approximate claimed damages as determined by Plaintiff's Counsel and approved by the Court.  A proposed Schedule of Individual Payments is attached to this motion as Exhibit 2.

The proposed settlement includes a service award to Plaintiff Kate Reshni.  Finally, the settlement provides for attorneys' fees and reimbursed litigation costs to Plaintiff's Counsel.

## II.    THE PROPRIETY OF APPROVAL

The proposed Settlement is subject to approval by the Court pursuant to the FLSA, 29 U.S.C. § 216(b).  Court approval is warranted on all scores.

### A.     The Seven-Factor Standard Is Satisfied

The Court must ensure "there is a bona fide dispute between the parties as to the employer's liability under the FLSA" and the proposed settlement "is fair, reasonable, and adequate." *Kritzer v. Safelite Solutions, LLC*, 2012 U.S. Dist. LEXIS 74994, at *19 (S.D. Ohio May 30, 2012).  *Accord, In re Broadwing, Inc. ERISA Litig.*, 252 F.R.D. 369, 381-82 (S.D. Ohio 2006); *Landsberg v. Acton Enterprises, Inc.*, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982) (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946))).

In *Kritzer*, the court used seven factors to evaluate whether the proposed settlement was "fair, reasonable, and adequate" for purposes of the FLSA, 29 U.S.C. 216(b). *Kritzer*, 2012 U.S. Dist. LEXIS 74994, at *19-20. *See also Crawford v. Lexington-Fayette Urban County Government*, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008) (applying an alternative formulation of the seven-factors) (citing *UAW v. General Motors Corp.*, 497 F.3d 615, 626 (6th Cir. 2007) (citing *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir.1992)); *Williams v. Vukovich*, 720 F.2d 909, 922-23 (6th Cir.1983)).

The first factor—the likelihood of success on the merits balanced against the amount and form of the settlement—strongly supports approval. Litigating FLSA claims is always risky and uncertain, and Plaintiff would have to establish not only Defendants' liability, which Defendants vehemently deny, but also the Plaintiff's and Opt-Ins' damages. Both were hotly disputed in this case. The proposed Settlement will eliminate the risk and delay of litigation and make substantial payments available to the Plaintiff and Opt-Ins.

The other six factors are satisfied as well. Given the factual and legal complexity of the issues in this case, there is no guarantee that Plaintiff will prevail at trial and the litigation could be long and protracted. In contrast, the settlement assures that the Plaintiff and Opt-Ins will receive significant compensation. Given the uncertainties surrounding a possible trial in this matter, the certainty and finality of a settlement will substantially benefit the Plaintiff and Opt-Ins, and is in the public interest. *See Kritzer*, 2012 U.S. Dist. LEXIS 74994, at *24 (the public interest is served when a settlement "ends potentially long and protracted litigation").

**B.    The Settlement Payments Are Fair, Reasonable, and Adequate**

As a part of the scrutiny it applies to an FLSA collective action settlement, "a court must ensure that the distribution of the settlement proceeds is equitable." *Crawford v. Lexington-*

*Fayette Urban County Government*, 2008 WL 4724499 (E.D. Ky. Oct. 23, 2008) (citing *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 855 (1999).

In the present case, the Individual Payments to the Plaintiff and Opt-Ins represent a substantial percentage of their claimed damages. The damages claimed in the case derive from allegations of unpaid minimum wages and wrongly withheld tips. The laws applicable to this action - 29 U.S.C. § 216(b), Ohio Rev. Code Ann. §§ 4111.03 and 4112.02, and Section 34a of Article II of Ohio's Constitution – permit doubling of certain elements of those damages and trebling of others.

The proposed allocations to Plaintiff Reshni and the Opt-Ins are equitable.  The Table of Individual Payments allocates the settlement proceeds among the Plaintiff and Opt-Ins in proportion to their respective alleged damages as estimated by Plaintiff's counsel.

### C.    The Service Award Is Proper and Reasonable

Reasonable service awards "are common in class action settlement[s]and [are] routinely approved for the simple reason 'to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation.'" *Kritzer*, 2012 U.S. Dist. LEXIS 74994, at *26 (citing *Rotuna v. West Customer Mgmt. Group*, LLC,No. 4:09cv1608, 2010 WL 2490989, at *7.  *Accord, In re Dun & Bradstreet Credit Services Customer Litig.*, 130 F.R.D. 366, 373 (S.D. Ohio 1990). Service awards are "typically justified when named plaintiffs expend more time and effort beyond that of other class members in assisting class counsel with litigation, such as by actively reviewing the case and advising counsel in prosecution of the case." *In re Southern Ohio Correctional Facility*, 175 F.R.D. 270, 273, 276 (S.D. Ohio 1997).

Case: 1:20-cv-01075-DAR  Doc #: 28  Filed:  06/08/21  6 of 9.  PageID #: 116

In the present case, the proposed service award of $1,000 to Plaintiff Kate Reshni provides reasonable recognition for her assistance to Plaintiff's Counsel and her substantial efforts to achieving the settlement on behalf of herself and the Opt-Ins.

### D.  Plaintiff's Counsel's Fees and Expenses Are Proper and Reasonable

The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendants, and the costs of the action."  29 U.S.C. § 216(b).  The FLSA's mandatory fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights."  *Fegley v. Higgins,* 19 F.3d 1126, 1134 (6th Cir. 1994), *cert. denied,* 513 U.S. 875 (1994) (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.,* 732 F.2d 495, 502 (6th Cir.1984)). *Accord*, *Kritzer*, 2012 U.S. Dist. LEXIS 74994, at *28 (the fee award must be "adequate to attract competent counsel but … not produce a windfall) (citing *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 897 (1984)).

In *Gascho v. Global Fitness Holdings, Inc.*, 822 F.3d 269 (6th Cir. 2016), the Sixth Circuit reaffirmed its long-standing rule regarding class- and collective-action fee awards.  "When awarding attorney's fees in a class action," *Gascho* emphasized, "a court must make sure that counsel is fairly compensated for the amount of work done as well as for the results achieved." *Gascho*, 822 F.3d at 279 (quoting *Rawlings v. Prudential-Bache Properties, Inc.*, 9 F.3d 513, 516 (6th Cir. 1993)).  Court have discretion to select the appropriate method of determining such fees "in light of the unique characteristics of class actions in general, and of the unique

circumstances of the actual cases before them." *Gascho*, 822 F.3d at 279 (citing *Rawlings*, 9 F.3d at 516).

The percentage approach "more accurately reflects the results achieved." *Rawlings*, 9 F.3d at 516, *quoted with approval in Gascho*, 822 F.3d at 279-80.  It is appropriate in cases like this one because "it encourages early settlement, which avoids protracted litigation." *Gascho*, 822 F.3d at 279 (citing *Rawlings*, 9 F.3d at 516-17).

Applying *Fegley* and *Rawlings*, courts in the Sixth Circuit commonly approve one-third fee awards in FLSA collective actions.  *See, e.g., Dillworth v. Case Farms Processing, Inc.*, 2010 WL 776933, at *21 (N.D. Ohio Mar. 8, 2010) (citing *Rawlings* as well as *Jackson v. Papa John's,* Case No. 1:08CV2791 (N.D. Ohio 2008); *Fincham v. Nestle Prepared Foods Co.*, 1:08CV73 (N.D. Ohio 2008); *McGhee v. Allied Waste Indus.,* Case No. 1:07CV1110 (N.D. Ohio 2007)); *Bessey v. Packerland Plainwell, Inc*. 2007 WL 3173972 (W.D. Mich. 2007).  *Accord, Feiertag v. DDP Holdings, LLC,* No. 14-CV-2643, 2016 WL 4721208, at *1 (S.D. Ohio Sept. 9, 2016) (approving 30% award.)

Courts reference the NERA study as "[t]he most complete analysis of fee awards in class actions conducted to date." *Shaw v. Toshiba America Information Systems, Inc.*, 91 F. Supp. 2d 942 (E.D. Tex. 2000).  *See Dillworth*, 2010 WL 776933, at *19-20; *Bessey*. 2007 WL 3173972, at *4 (citing study conducted by the National Economic Research Associates).  The study found that "regardless of size, attorneys' fees average approximately 32% of the [class action] settlement," although "the average result achieved for class members was only 7% to 11% of claimed damages." *Shaw*, 91 F. Supp. 2d at 988 (citing NERA Study at 7 & Exh. 12).

Measured by the NERA benchmarks, the proposed settlement in the present case is exemplary.  The settlement primarily benefits the Plaintiff and Opt-Ins.  *See Gascho*, 822 F.3d at 282 (counseling courts to consider "the benefit to the class and its ratio to attorney's fees").

Two-thirds of the Total Settlement Amount is allocated to the Plaintiff and Opt-Ins.  The Individual Payments they will receive represent a substantial percentage of their claimed damages.

Just under one-third of the settlement is allocated to Plaintiff's Counsel to cover attorney's fees and litigation costs combined.  That amount "reflects the results achieved." *Rawlings*, 9 F.3d at 516, *quoted with approval in Gascho*, 822 F.3d at 279-80.  The settlement achieved by counsel's efforts represents a substantial percentage of the potentially recoverable damages for the Plaintiff and Opt-Ins.

## III.  <u>CONCLUSION</u>

For the reasons addressed above, the parties respectfully request that the Court approve the settlement by entering the proposed order attached as Exhibit 3.

Respectfully submitted,

s/ Scott D. Perlmuter
Scott D. Perlmuter (0082856)
4106 Bridge Avenue
Cleveland, Ohio 44113
216-308-1522
scott@tittlelawfirm.com

 s/ Thomas A. Downie
Thomas A. Downie (0033119)
46 Chagrin Falls Plaza #104
Chagrin Falls, Ohio 44022
440-973-9000
tom@chagrinlaw.com

Counsel for Plaintiff

 *s/ Michele L. Jakubs*
Stephen S. Zashin (Ohio Bar No. 0064557)
ssz@zrlaw.com
Michele L. Jakubs (Ohio Bar No. 0071037)
mlj@zrlaw.com

Lauren M. Drabic (Ohio Bar No. 0097448)
lmd@zrlaw.com
950 Main Ave., 4th Floor
Cleveland, OH  44113
T:  216/696-4441
F:  216/696-1618

*Attorneys for Defendants*

<u>PROOF OF SERVICE</u>

I certify that on this June 8, 2021, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

 s/ Thomas A. Downie
Thomas A. Downie (0033119)