UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KATE RESHNI<br>On behalf of herself and all others<br>similarly situated, | ) <br> ) <br> ) <br> ) | CASE NO. 1:20-CV-01075<br><br>MAGISTRATE JUDGE |
| Plaintiff, | ) | DAVID A. RUIZ |
| v. | ) <br> ) | |
| W. 6 RESTAURANT GROUP, LTD.,<br>et al., | ) <br> ) <br> ) | **FINAL ORDER APPROVING**<br>**SETTLEMENT** |
| Defendants. | ) | |

Plaintiff Kate Reshni and Defendants W. 6 Restaurant Group, Ltd., Robert George,

Corey May, and Joe Oravec have moved the Court to approve a settlement of this collective

action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).  The proposed

settlement is memorialized in an Agreement of Settlement and Release ("Settlement

Agreement"), submitted as Exhibit 1 to the parties Joint Motion for Approval of Settlement.

Having reviewed the Settlement Agreement and its Exhibits, as well as the pleadings and

papers filed in this Action, and for good cause established therein, the Court enters this Final

Order and Judgment approving the Settlement as follows:

1.	The settlement will resolve bona fide disputes involving minimum wage claims

under the FLSA as well as other issues.  Plaintiff's Complaint (ECF #1) alleged that she and

other cocktailers at Barley House restaurant were denied minimum wages and tips.

Defendants denied those claims.  Answer (ECF #9).

2.	On October 15, 2020, the parties filed a Report of the Parties' Planning Meeting

(ECF #12) addressing discovery, a possible motion for conditional certification of this case as

an FLSA collective action, and potential settlement.  The case was later reassigned to Magistrate

1

Judge Ruiz.  On December 11, 2020, the parties filed a Joint Status Report and Proposed Case Management Dates (ECF #25) which were adopted by the Court (ECF #27).  On December 18, 2020, the Court granted Plaintiff's unopposed motion to drop two opt-in plaintiffs who had joined the case (ECF #26).

3.  By agreement, the parties exchanged and analyzed evidentiary materials with a view to possible settlement.  The materials included documents and data quantifying the shifts and hours worked, and the amounts paid.  Analysis of the evidence enabled counsel to make detailed calculations estimating the Plaintiff's and Opt-Ins' claimed damages.

4.  After months of difficult negotiations, the parties reached the settlement proposed herein.

5.  The settlement will provide individual payments to the Plaintiff and Opt-Ins representing a substantial percentage of their claimed damages.  A proposed Table of Individual Payments was submitted to the Court as Exhibit 2 to the Joint Motion for Approval. It allocates the net proceeds of the settlement among the Plaintiff and Opt-Ins in proportion to their approximate claimed damages as determined by Plaintiff's Counsel.

6.  The Court finds that the proposed Settlement is fair, reasonable, and adequate and satisfies the standard for approval under the FLSA, 29 U.S.C. § 216(b).

7.  The Court approves the Settlement Agreement and orders that it be implemented according to its terms and conditions and as directed herein.

8.  The Court finds that the proposed distribution of individual payments to the Plaintiff and Opt-Ins is fair, reasonable, and equitable.  The Court approves the Table of Individual Payments and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

9.      The Court approves a service award to Plaintiff Kate Reshni in the amount of

$1,000 in recognition of her assistance to Plaintiff's Counsel and her substantial efforts to

achieving the settlement on behalf of herself and the Opt-Ins.

10.     The Court approves the distribution of attorneys' fees and cost reimbursements

to Plaintiffs' Counsel as provided in the Settlement Agreement.  The proposed distribution of

attorneys' fees in the amount of $5,827 and reimbursed litigation costs in the amount of $421 is

less than one-third of the Total Settlement Amount combined.  This case required substantial

time and know-how on the part of Plaintiff's Counsel, including document and data analysis

and the preparation of alleged damages estimates.  Difficult settlement negotiations resulted

in a favorable settlement for the Plaintiff and Opt-Ins, providing individual payments to them

representing a substantial percentage of their claimed damages.

11.     The Court dismisses this action, and all claims of the Plaintiff and Opt-Ins, with

prejudice.  The Court finds there is no just reason for delay and directs the Clerk of the Court

to enter this Order and Final Judgment immediately.

12.     As requested by the parties in the Settlement Agreement, the Court retains

jurisdiction over the Action to enforce the terms of the Settlement Agreement and resolve any

disputes thereunder.

**SO ORDERED:**

Date: __7/26/2021_____

_David A. Ruiz_

_____
David A. Ruiz
United States Magistrate Judge

3